IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CASTLE MORTGAGE COMPANY, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-03172 |
| | § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2005-RP2 C/O PHH MORTGAGE CORPORATION,** | § § § § § § § § § § § § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2005-RP2 c/o PHH Mortgage Corporation ("BNYM" or "Defendant"), files this notice of the removal of this action from the 95th Judicial District Court of Dallas County, Texas. Defendant submits this Notice in support of removal. Removal is based on the ground that diversity jurisdiction exists over this action because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. Section 1332. Defendant respectfully shows as follows:

## INTRODUCTION

1. On or about December 6, 2021, Plaintiff Castle Mortgage Company, Inc. ("Plaintiff" or "Castle Mortgage") filed *Plaintiff's Original Petition and Request for Temporary Restraining Order* (the "Petition") bearing Cause No. DC-21-17340 in the 95th Judicial District Court, Dallas County, Texas, styled *Castle Mortgage Company, Inc. v. The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2005-RP2 c/o PHH Mortgage Corporation* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of Exhibit B.

2. The allegations in the Petition relate to a deed of trust and foreclosure proceedings on Plaintiff's real property and improvements located at 2714 Country Valley Road, Garland, Texas 75043. (the "Property"). *See* Petition. Plaintiff alleges that Defendant's failure to provide proper Notice of Default and opportunity to cure under Texas Property Code 51.0002 and the loan documents constitutes a breach of contract. *See*, *generally*, *id*. Plaintiff brings causes of action for (1) breach of contract and (2) request for temporary restraining order. *Id*. Plaintiff seeks a temporary restraining order to be issued, attorney fees, costs of court, pre- and post-judgment interest, and a judgment against Defendant on its claims. *See id*. at Prayer.

3. This Notice of Removal is timely because thirty (30) days have not expired since the State Court Action was filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4. This action is removable to federal court pursuant to 28 U.S.C. Section 1441

because it could have been filed originally in this Court pursuant diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

### A. There is diversity between the parties.

5. Removal of the State Court Action to this Court is also proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees.

6. Plaintiff is a Texas corporation with its principal place of business in Texas. *See* Petition.

7. BNYM is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S.Ct. 1012, 1016, No. 14-1382, slip op. at 5 (Mar. 7, 2016) (citing *Navarro*, 446 U.S. at 462–66). BNYM is a national banking association. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). BNYM is, and at all times relevant to this action was, a national association bank with its main office located in New York, NY. Thus, Defendant BNYM is a citizen of New York, and no other state, for purposes of

diversity jurisdiction.

   **B.**  **The amount in controversy exceeds $75,000.00.**

   8.  The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamar v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

   9.  "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-

CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013). Here, Plaintiff requests, *inter alia*, an injunction prohibiting Defendant from foreclosing on the loan and selling the Property. (*See* Petition at Prayer.) The Dallas County Appraisal District shows a total assessed value of the Property at $335,600.00. (Exhibits C, C-1.)

10.     In addition, Plaintiff requests attorney fees. (Petition at Prayer.) Attorney fees claimed under a contractual or statutory provision are included as part of the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding attorney fees authorized by statute are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co*., 309 F.3d 864 (5th Cir. 2002) (though considering attorney fees in a putative class action, to like effect). Reasonable attorney fees in this case include filing and serving this suit on Defendant (including service by publication), and litigating it through trial. In the event of a trial, those fees would easily exceed $10,000.00. Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum. *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $570,000.00 in attorney fees against bank).

11.     Defendant categorically denies Plaintiff is entitled to an award of damages in any amount, but Plaintiff's requests for temporary restraining order and attorney fees far exceeds $75,000.00, exclusive of interest and costs. For the reasons stated above, there can be no dispute that Plaintiff seeks in excess of the minimum amount in controversy.

## VENUE

12. Venue for removal is proper in this district and division, the United States District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 95th Judicial District Court, Dallas County, Texas, the forum in which the removed action was pending.

## NOTICE

13. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 95th Judicial District Court, Dallas County, Texas.

14. The contents of Exhibit B constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant respectfully requests this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:  */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## List of all Counsel of Record

For Plaintiff:

Thomas C. Barron
Law Offices of Thomas C. Barron
SBOT #01821290
P.O. Box 141323
Dallas, Texas 75214
(214) 855-6631
(214) 855-6633 - Facsimile
tbarron@barronlawfirm.com

For Defendant:

Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 - Facsimile
mcronenwett@mwzmlaw.com

## INDEX OF DOCUMENTS ATTACHED

Exhibit A    Copy of the Docket Sheet for Cause No. DC-21-17340 in the 95th Judicial District Court, Dallas County, Texas;

Exhibit B    Pleadings in Cause No. DC-21-17340 in the 95th Judicial District Court, Dallas County, Texas;

    B-1    Plaintiff's Original Petition and Request for Temporary Restraining Order, December 6, 2021;

    B-2    Order denying Plaintiff's Request for Temporary Restraining Order, December 6, 2021; and

Exhibit C    Declaration of Mark D. Cronenwett; and

    C-1    Print out from the Dallas County, Texas Appraisal District web-site, December 16, 2021.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail on December 20, 2021 on the following counsel of record:

Thomas C. Barron
Law Offices of Thomas C. Barron
SBOT #01821290
P.O. Box 141323
Dallas, Texas 75214
(214) 855-6631
tbarron@barronlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

                                    */s/ Mark D. Cronenwett*
                              **MARK D. CRONENWETT**