# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CASTLE MORTGAGE COMPANY, INC. | § | |
| | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:21-cv-3172-M-BN |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2005-RP2 C/O PHH MORTGAGE CORPORATION, | § § § § § § § § § § § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

## DEFENDANT/ COUNTER-PLAINTIFF'S BRIEF IN
## SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant/Counter-Plaintiff The Bank of New York Mellon Trust Company, National Association, fka the Bank of New York Trust Company N.A., as Trustee, as Successor to JPMorgan Chase Bank, N.A. as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005 RP2 (hereinafter "BNYM" or "Defendant"), files this its Brief in Support of its Motion for Summary Judgment and shows the Court it is entitled to judgment on the breach of contract claim against and an order for foreclosure.

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ........................................................................ 2

**INDEX OF AUTHORITIES** ............................................................... 3

**I. PROCEDURAL HISTORY** .............................................................. 5

**II. SUMMARY JUDGMENT EVIDENCE** ........................................ 7

**III. UNDISPUTED FACTS** ................................................................. 7

**IV. SUMMARY JUDGMENT STANDARD** ..................................... 10

**V.  SUMMARY JUDGMENT GROUNDS** ........................................ 11

**VI. ARGUMENT AND AUTHORITIES** ........................................... 12

    **A.  Plaintiff's breach of contract claim because BNYM provided proper notices of default and foreclosure** ........................................ 12

    **B.  Plaintiff's breach of contract claim based on violation of HUD regulations fails** ................................................................. 14
        **1.  The Loan Documents do not incorporate HUD regulations** .......................... 14
        **2.  In any event, Plaintiff first defaulted on the Loan** ............................................. 15
        3.  **In the further alternative, HUD loss mitigation regulations do not apply to commercial loans** ................................................. 16

    **C.  BNYM is entitled to summary judgment on its counterclaim for an order of foreclosure** ........................................................... 16
        **1.  A debt exists.** .................................................................... 17
        **2.  The debt is secured by a lien created under Texas law.** ................................... 17
        **3.  A default has occurred under the terms of the Loan Agreement.** .................. 18
        **4.  BNYM has complied with the notice requirements to foreclose.** ..................... 18
        **5.  BNYM, as the owner or holder of the Note and beneficiary of the Deed of Trust, is entitled to proceed with foreclosure** ...................... 18
        **6.  BNYM is entitled to its attorney fees** ............................................ 19

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. Compass Bank*, No. H-14-0410, 2014 U.S. Dist.
LEXIS 152546, at *11-13 (S.D. Tex. Oct. 28, 2014) ............................ 15

*Benitez v. Perales*, No. 01-00-00211-CV, 2002 Tex. App.
LEXIS 6258, *13 (Tex. App.—Houston [1st Dist.] Aug. 29, 2002, no pet.) ......................... 13

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ............................... 11

*Hausmann v. Texas Sav. & Loan Ass'n*, 585 S.W.2d 796, 799
(Tex. App.—El Paso 1979, writ ref'd n.r.e.) ............................... 13

*Hayes v. Bank of Am., N.A.*, No. 3:19-cv-02929-G-BT, 2020 U.S. Dist.
LEXIS 101383, at *13 (N.D. Tex. May 15, 2020) ............................... 15

*Hernandez v. Home Sav. Asso.*, 606 F.2d 596, 601 (5th Cir. 1979) ............................... 14

*Hill v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 79189
(S.D. Tex. June 6, 2012) ............................... 15

*Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740
(S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014) ............................... 17

*Johnson v. JP Morgan Chase Bank*, 570 F. App'x 404, 405-06 (5th Cir. 2014) ................. 14, 16

*Little v. Liquid Air Corp.*, 37 F3d 1069, 1075 (5th Cir. 1994) ............................... 11

*Martinez v. Beasley*, 616 S.W.2d 689, 690
(Tex. App.—Corpus Christi 1981, no writ) ............................... 13

*Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585-87 (1986) ............................... 11

*Onwuteaka v. Cohen*, 846 S.W.2d 889, 892 (Tex. App.—Houston
[1st Dist.] 1993, writ denied) ............................... 13

*Smith Int'l Inc. v. Egle Group LLC*, 490 F.3d 380, 387 (5th Cir. 2007) ............................... 12

*Stahl v. Novartis Pharms. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002) ............................... 11

*Texas Gas & Utils. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970) ............................... 17

*Trejo v. Bank of Am.*, N.A., No. 3:19-cv-01406-L, 2020 U.S. Dist.
LEXIS 36730, at *12 (N.D. Tex. Jan. 21 2020) ............................... 14

*Valero Mktg. & Supply Co. v. Kalama Int'l Liab. Co.*, 51 S.W.3d 345
    (Tex. App.—Houston [1st Dist.] 2001, no pet.) ...................................................................... 12

*Wells Fargo Home Mortgage, Inc. v. Neal*,
    398 Md. 705, 922 A.2d 538, 711 (2007) ............................................................................... 16

*Wincopia Farm, LP v. Goozman*,
    188 Md. App. 519; 982 A.2d 868, 875 (2009) ...................................................................... 16

## Statutes

24 C.F.R. § 203.501 .................................................................................................................... 15

24 C.F.R. § 203.604(b) ............................................................................................................... 15

24 C.F.R. § 203.605 .................................................................................................................... 15

Tex. Prop. Code § 51.0001(4) ................................................................................................... 18

Tex. Prop. Code §51.002(b) ...................................................................................................... 12

Tex. Prop. Code 51.002(e) ......................................................................................................... 13

Tex. Property Code § 51.0025 ................................................................................................... 18

## Rules

Fed. R. Civ. P. 56(a) .................................................................................................................. 10

Fed. R. Civ. P. 56(c) .................................................................................................................. 10

Fed. R. Evid. 201 ......................................................................................................................... 7

# I. PROCEDURAL HISTORY

1.     Plaintiff/Counter-Defendant Castle Mortgage Company, Inc. ("Plaintiff" or "Castle Mortgage") filed Plaintiff's Original Petition and Request for Temporary Restraining Order (the "Petition") bearing Cause No. DC-21-17340 in the 95th Judicial District Court, Dallas County, Texas, styled *Castle Mortgage Company, Inc. v. The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RP2 c/o PHH Mortgage Corporation* (the "State Court Action"). (*See* ECF No. 1.)

2.     The allegations in the Petition relate to a deed of trust and foreclosure proceedings on Plaintiff's real property and improvements located at 2714 Country Valley Road, Garland, Texas 75043, more particularly described as:

> LOT 11, BLOCK 1, OF COUNTRY CLUB PARK ESTATES, NO. 2, AN ADDITION TO THE CITY OF GARLAND DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 77131, PAGE 22, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS

(the "Property").

3.     In the Petition, Plaintiff alleges that BNYM's failure to provide proper Notice of Default and opportunity to cure under Texas Property Code 51.0002 and the loan documents constitutes breach of contract. (*See,* generally, the *Petition* at ECF No. 1.) For this alleged misconduct, Plaintiff brings causes of action for (1) breach of contract and (2) request for temporary restraining order. (*See id.*) Plaintiff seeks a temporary restraining order, attorney fees, costs of the court, pre-and post-judgment interest, and a judgment against BNYM on its claims.

(*See Id.* at Prayer.) Plaintiff's request for a restraining order was denied. (*See* ECF No. 1 at Exh. B-2.)

4.      On December 7, 2021, Lawrence Pitts ("Debtor"), President of Plaintiff Castle Mortgage and current occupant of the Property, filed a Voluntary Petition under the Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas under Bankruptcy Case No. 21-04139. (*See* E.D. Tex. Bankruptcy Case No. 21-04139 at ECF No. 1.) BNYM removed the State Court Action to this Court on December 20, 2021. (ECF No. 1.) Immediately after filing its Notice of Removal to this Court, BNYM filed a Notice of Removal to Federal Bankruptcy Court and requested this matter to be joined to the bankruptcy case as an adversary proceeding to be adjudicated by the Bankruptcy Court. (*See* E.D. Tex. Bankruptcy Case No. 21-04139 at ECF No. 1.)

5.      On December 27, 2021, BNYM filed its Original Answer and Counterclaim for non-judicial foreclosure (the "Counterclaim"). (*See* E.D. Tex. Bankruptcy Case No. 21-04139 at ECF No. 4.) As part of its Counterclaim, BNYM affirmatively asserted the revival provisions of Section 16.069 of the Texas Civil and Remedies Code. (*See Id.*) Plaintiff was served with a copy of the Counterclaim via regular U.S. Mail to its attorney of record, Thomas C. Barron, on December 27, 2021. (*See Id.* at Certificate of Service.) Plaintiff failed to file an answer or otherwise respond to Defendant's Counterclaim. (*See generally*, E.D. Tex. Bankruptcy Case No. 21-04139 Docket.) As such, Plaintiff has admitted the allegations in the Counterclaim.

6.      On February 16, 2022, the Bankruptcy Court entered an order dismissing Debtor's Chapter 13 bankruptcy. (E.D. Tex. Bankruptcy Case No. 21-41749 at ECF No. 20.) BNYM, on March 10, 2022, filed its Unopposed Motion for Remand and Transfer the Adversary Proceeding to this Court. (E.D. Tex. Bankruptcy Case No. 21-04139 at ECF No. 8.)  The *Order*

*Transferring Case to Untied States District Court for the Northern District of Texas* was signed by Judge Rhoades on April 8, 2022. (E.D. Tex. Bankruptcy Case No. 21-04139 at ECF No. 11.) The matter was reinstated on the active docket in this action on April 12, 2022. (ECF No. 11.)

7.     BNYM now moves for summary judgment because the evidence conclusively establishes that Plaintiff defaulted on his obligations under the terms of the loan agreement and, therefore, BNYM is entitled to an Order allowing foreclosure. Further, BNYM will show that Plaintiff's claim for breach of contract fails as a matter of law and must be dismissed.

## II. SUMMARY JUDGMENT EVIDENCE

8.     Where appropriate, BNYM relies on the certain evidence, true and correct copies of which are contained with its Appendix in Support of its Motion for Summary Judgment being filed herewith and incorporated by reference for all purposes. BNYM also relies on pleadings on file in this Court and in the United States Bankruptcy Court for the Eastern District of Texas under Bankruptcy Case Nos. 21-04139 and 21-41749 where specifically referenced herein. *See* FED. R. EVID. 201.

## III. UNDISPUTED FACTS

9.     On or about September 26, 1994, Lawrence P. Pitts ("Pitts"), as President of Castle Mortgage Company, Inc. executed a promissory Texas Home Equity Adjustable-Rate Note ("Note") for $152,800.00 payable to Home Savings of America, FSB, as lender on a loan secured by the Property. (App. at 3, 9.)

10.     To secure payment of the Note, Pitts, as President of Castle Mortgage, Inc., executed a Deed of Trust -Adjustable Interest Rate Loan (the "Deed of Trust" and together with the Note, "Loan" or "Loan Agreement"), granting Home Savings of America, FSB, its successors and assigns, a security interest in the Property. (*See* App. at 3, 13.)

11.     The Deed of Trust was recorded in the official public records of Dallas County, Texas, in book 94211 and page 06379 on November 1, 1994. (*See id.*)

12.     The Loan Agreement was initially granted, sold, assigned, transferred, and conveyed by Washington Mutual Bank, FA, successor by merger to Home Savings of America, FSB, to The Bank of New York Mellon Trust Company, National Association, as Trustee, fka The Bank of New York Company, N.A., as Trustee, as successor to JP Morgan Chase Bank N.A., as Trustee RAMP 2005RP2. This assignment is reflected in that certain Assignment of Deed of Trust dated November 23, 2004 and recorded in the real property records of Dallas County, Texas under Document Number 201100295068. (App. at 3, 24.)

13.     The Loan Agreement was subsequently assigned from The Bank of New York Mellon Trust Company, National Association, as Trustee, fka The Bank of New York Company, N.A., as Trustee, as successor to JP Morgan Chase Bank N.A., as Trustee RAMP 2005RP2, to Defendant/Counter-Plaintiff The Bank of New York Mellon Trust Company, National Association, fka the Bank of New York Trust Company N.A., as Trustee, as Successor to JPMorgan Chase Bank, N.A. as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005 RP2. A Corporate Assignment of Deed of Trust executed on May 18, 2015 was recorded in the real property records of Dallas County, Texas under Document Number 201500134844. (App. at 3-4, 27.)

14.     BNYM is the current legal owner and holder of the specially endorsed Note and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.  (*See* App. at 3-4, 10-11, 27.)

15.     Under the terms of the Loan Agreement, Plaintiff was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges

and fees due under the Note. (App. at 5, 9, 13.) The Loan Agreement further provides that should Plaintiff fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Deed of Trust, then BNYM may enforce the Deed of Trust by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement. (*See id.*)

16.     There has been a default under the terms of the Note by the failure to make the payments, and the Loan Agreement is currently due and owing for September 15, 2010, payment, and all subsequent monthly payments. (*See* App. at 5, 30.)

17.     BNYM invoked its authority to foreclose under the Note and Deed of Trust.  (*See* App. at 18, ¶22; App. at 30.)  Specifically, BNYM, through its counsel Mackie Wolf Zientz & Mann, P.C., sent a Notice of Default and Intent to Accelerate to Castle Mortgage Corporation c/o Lawrence P. Pitts, President, by certified and regular U.S. mail to 2714 Country Valley Road, Garland, Texas 75043, on August 6, 2021 to inform Plaintiff that there was default under the Loan Agreement and that the debt would be accelerated if default was not cured within thirty (30) days. (App. at 5, 30.)  Nothing was paid after the Notice of Default. (*See* App. at 5.)

18.     On September 22, 2021, BNYM, through its counsel Mackie Wolf Zientz & Mann, P.C., sent Borrower a Notice of Acceleration of Loan Maturity via certified mail to 2714 Country Valley Road, Garland, Texas 75043. (App. at 6, 34.) The Notice of Acceleration was also sent to Lawrence P. Pitts, individually at 2714 Country Valley Road, Garland, Texas 75043 and to Platinum Funding Solutions, LLC at 3914 Seaton Place, Las Vegas, Nevada, 89121-4835. (App. at 6, 36, 38.) In that Notice of Acceleration, Borrower was informed that all unpaid principal and accrued interest on the Note were due and payable and that the Note was accelerated effective September 22, 2021. (*See id.*)

19.    On November 15, 2021, BNYM, through its counsel Mackie Wolf Zientz & Mann, P.C, sent Borrower a Notice of Reposting and Sale via certified mail to 2714 Country Valley Road, Garland, Texas 75043. (App. at 6, 41.) The Notice of Reposting and Sale was also sent to Lawrence P. Pitts, individually at 2714 Country Valley Road, Garland, Texas 75043 and to Platinum Funding Solutions, LLC at 3914 Seaton Place, Las Vegas, Nevada, 89121-4835. (App. at 6, 46, 51.) The Notice of Reposting and Sale advised Borrower that the Property was scheduled to be foreclosed on December 7, 2021. (*See id*.)

20.    On December 6, 2021, the State Court entered an Order Denying Plaintiff's Request for Temporary Restraining Order. (*See* ECF No. 1, at Exhibit B-2.) Accordingly, the Property was still scheduled for the December 7, 2021 foreclosure sale.

21.    On December 7, 2021, Lawrence P. Pitts filed a bankruptcy case under Chapter 13. (*See* ECF No. 1.) The scheduled foreclosure sale was not held due to the bankruptcy filing.

22.    As of May 17, 2022, Plaintiff owes $279,209.80, which is good through June 10, 2022. Interest and other fees continue to accrue while the loan is in default. (App. at 6-7, 62.)

## IV. SUMMARY JUDGMENT STANDARD

23.    Federal Rule of Bankruptcy Procedure 7056 incorporates Federal Rule of Civil Procedure 56 which provides that summary judgment shall be rendered "if the movant shows that there is no genuine issues as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a) Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Supreme Court has further held that the moving party may discharge its summary judgment

burden of proof by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). If the non-moving party bears the burden of proof at trial, the moving party need only point to the absence of any fact issue in the record, and the evidentiary burden then shifts to the non-moving party to show with "significant probative" evidence that there exists a triable issue of fact. *Celotex,* 477 U.S. at 322; *see also Stahl v. Novartis Pharms. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002) ("The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that that record contains no support for the non-moving party's claim."). If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585-87 (1986).

24.     The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. *Matsushita,* 475 U.S. at 586; *see also Little v. Liquid Air Corp.*, 37 F3d 1069, 1075 (5th Cir. 1994) (en banc) (non-movant cannot defeat a motion for summary judgment with "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla" of evidence).

## V.  SUMMARY JUDGMENT GROUNDS

A. Plaintiff's breach of contract claim fails because BNYM provided proper notices of default and foreclosure.

B. Plaintiff's breach of contract claim based on violation of HUD regulations fails.

    1.  The Loan Documents do not incorporate HUD regulations.

    2.  In any event, Plaintiff first defaulted on the Loan.

    3.  In the further alternative, HUD loss mitigation regulations do not apply to commercial loans.

C.  BNYM is entitled to summary judgment on its counterclaim for an order of foreclosure.

## VI. ARGUMENT AND AUTHORITIES

**A.  Plaintiff's breach of contract claim because BNYM provided proper notices of default and foreclosure.**

25.    BNYM complied with the Deed of Trust and Texas Property Code requirements by providing timely and proper notice of sale. In Texas, a breach-of-contract claim requires four elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l Inc. v. Egle Group LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l Liab. Co.*, 51 S.W.3d 345 (Tex. App.— Houston [1st Dist.] 2001, no pet.)).

26.    Upon default under the terms of the Note, the Note provides that BNYM may require the borrower to pay immediately the full amount of principal that has not been paid and all the interest that the borrower owes on that amount. (*See* App. at 10, ¶4; 18, ¶22.) The Deed of Trust provides that if Plaintiff defaults, BNYM may declare all sums immediately due and payable without notice or demand. (App. at 18, ¶22.)

27.    If the power of sale is invoked, notice of sale must be provided to borrower "at least twenty-one (21) days prior to date of sale… by certified mail, return receipt requested, service of such notice being completed on deposit thereof…" (*Id.*)  The Texas Property Code further provides: "[N]otice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale" and must be served "by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." TEX. PROP. CODE §51.002(b). The purpose of the statute is to provide a minimum level of protection for the debtor, and it provides for only

constructive notice of the foreclosure. *Onwuteaka v. Cohen*, 846 S.W.2d 889, 892 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Hausmann v. Texas Sav. & Loan Ass'n*, 585 S.W.2d 796, 799 (Tex. App.—El Paso 1979, writ ref'd n.r.e.). Service is complete once the notice is deposited in the United States mail, postage prepaid, and addressed to the debtor's last known address as shown by the records of the holder of the debt, and there is no requirement that the debtor actually receive the notice. *Benitez v. Perales*, No. 01-00-00211-CV, 2002 Tex. App. LEXIS 6258, *13 (Tex. App.—Houston [1st Dist.] Aug. 29, 2002, no pet.) (citing TEX. PROP. CODE 51.002(e) and *Martinez v. Beasley*, 616 S.W.2d 689, 690 (Tex. App.—Corpus Christi 1981, no writ)).

28.     A Notice of Default and Intent to Accelerate to Plaintiff by certified and regular U.S. Mail, postage prepaid, to Castle Mortgage Corporation c/o Lawrence P. Pitts, President, at 2714 Country Valley Road, Garland, Texas 75043, on August 6, 2021 in accordance with section 51.002(d) of the Texas Property Code and the Deed of Trust. (App. at 6, 30-31.)

29.     The Notice of Default and Intent to Accelerate advised Plaintiff, among other things, the amount in default, the time period to cure the default, and that if default was not cured that the balance of the debt would be accelerated and declare all outstanding amounts under the Loan Agreement immediately due and payable. (*Id.*) The default was not cured by Plaintiff. (App. at 6.)

30.     On September 22, 2021, BNYM, through its counsel Mackie Wolf Zientz & Mann, P.C., sent Notice of Acceleration of Loan Maturity, postage prepaid, via certified mail to Castle Mortgage Corporation c/o Lawrence P. Pitts, President, at 2714 Country Valley Road, Garland, Texas 75043. (App. at 6, 34.) The Notice of Acceleration was also sent to Lawrence P. Pitts, individually at 2714 Country Valley Road, Garland, Texas 75043 and to Platinum Funding

Solutions, LLC at 3914 Seaton Place, Las Vegas, Nevada, 89121-4835[1]. (App. at 6, 36, 38.) The Notice of Acceleration stated that all unpaid principal and accrued interest on the Note were due and payable and that the Note was accelerated effective September 22, 2021. (App. at 6, 34, 36, 38.)

31.     There is no dispute BNYM provided proper notice of foreclosure under the Texas Property Code and Loan documents, and it is entitled to summary judgment on Plaintiff's breach of contract claim as a matter of law.

**B.  Plaintiff's breach of contract claim based on violation of HUD regulations fails.**

**1.  The Loan Documents do not incorporate HUD regulations.**

32.     Plaintiff alleges BNYM breached the Deed of Trust by failing to comply with regulations from the Department of Housing and Urban Development ("HUD") codified at 24 C.F.R. Sections 203.501, 203.604(b), and 203.605.  If HUD regulations are incorporated into the loan documents, they become part of the parties' contract. *Johnson v. JP Morgan Chase Bank*, 570 F. App'x 404, 405-06 (5th Cir. 2014); *Hernandez v. Home Sav. Asso.*, 606 F.2d 596, 601 (5th Cir. 1979).

33.     The borrower must show *where* in the loan documents HUD regulations are specifically incorporated. *Trejo v. Bank of Am.*, N.A., No. 3:19-cv-01406-L, 2020 U.S. Dist. LEXIS 36730, at *12 (N.D. Tex. Jan. 21 2020). General language regarding "all federal or applicaple laws" in a deed of trust is not sufficient to show particular HUD regulations are incorproated and made part of the loan agreement. *Anderson v. Compass Bank*, No. H-14-0410,

---

[1] Castle Mortgage Corporation executed an Assumption Warranty Deed with Vendor's Lien, dated August 9, 2007, purporting to convey the Property to Platinum Funding Solutions, a Nevada Limited Liability Company. The deed was filed for record in Dallas County, Texas on August 10, 2007 under Instrument No. 20070287488. Then, Lawrence P. Pitts, as Director of Platinum Funding Solutions, LLC executed a Quit Claim Deed purporting to convey the Property to himself individually. (App. at 71.) The Quit Claim Deed was recorded in the real property records of Dallas County, Texas under Instrument No. 201600309495. (App. at 75.) Now, Castle Mortgage, which conveyed away its interest in the Property almost 15 years ago, is attempting to contesting foreclosure.

2014 U.S. Dist. LEXIS 152546, at *11-13 (S.D. Tex. Oct. 28, 2014).

34.     Plaintiff cannot show the HUD regulations he relies-on were made part of the Loan contract because they were not. (*See*, *generally*, App. at 13 *et seq.*) His breach of contract claim based on violation of the regulations thus fails.

### 2.   In any event, Plaintiff first defaulted on the Loan.

35.     Even if the Deed of Trust incorporated HUD regulations, which BNYM denies, Plaintiff's claim fails because he defaulted. Section 203.501 provides that mortgagees must consider the effects of their elective servicing actions and take actions to general the small financial lost to HUD.  24 C.F.R. § 203.501. Section 203.604(b) requires a face-to-face interview with the mortgagor, or a reasonable effort to arrange such a meeting, before three full monthly installments are unpaid. 24 C.F.R. § 203.604(b). Section 203.605 imposes a general duty on the mortgagee to mitigate losses when a borrower is in default. 24 C.F.R. § 203.605.

36.     A borrower cannot bring a breach of contract claim for violation of HUD regulations if he is in default under the contract. *Hayes v. Bank of Am., N.A.*, No. 3:19-cv-02929-G-BT, 2020 U.S. Dist. LEXIS 101383, at *13 (N.D. Tex. May 15, 2020); *Hill v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 79189 (S.D. Tex. June 6, 2012). Notably, Section 203.604(b) on its face is inapplicable to a mortgagee that acquires a loan if the borrower is more than three (3) months behind in monthly payments. *See* 24 C.F.R. § 203.604(b). The Fifth Circuit in *Johnson* explained:

> The plain language of the regulation requires the face-to-face meeting before three installments are unpaid. Johnson admits that she was already more than three months behind when the loan was assigned to JP Morgan. As a result, the timing of this particular obligation had already passed when JP Morgan received the loan, and thus the obligation did not apply to JP Morgan. Because JP Morgan did not assume any of WaMu's liabilities, JP Morgan

cannot be held responsible for WaMu's alleged failure to comply
with § 203.604(b). Johnson's breach of contract claim thus fails.

*Johnson*, 570 F. App'x at 405-06.

37.     Here, the assignment to BNYM in its current capacity occurred on May 18, 2015.
(App. at 27-28.) Plaintiff has been in default since September 15, 2010. (App. at 30-32.) Plaintiff
is years behind in Loan payments and in default under the terms of the Loan Documents.
Accordingly, Plaintiff cannot maintain an action against BNYM for violation of HUD
regulations.

### 3.   In the further alternative, HUD loss mitigation regulations do not apply to commercial loans.

38.     In the further and final alternative, the HUD regulations do not apply to this Loan
by a corporate borrower. In a similar case involving a limited partnership as a borrower on a
mortgage loan secured by a family farm, the court held that "policy implications inherent in
allowing mortgagees to avoid HUD regulations specifically designed to prevent unnecessary
foreclosures are not implicated in this case." *Wincopia Farm, LP v. Goozman*, 188 Md. App.
519; 982 A.2d 868, 875 (2009) (citing *Wells Fargo Home Mortgage, Inc. v. Neal*, 398 Md. 705,
922 A.2d 538, 711 (2007)). Likewise, here, the HUD regulations on which Plaintiff relies do not
apply because Plaintiff is a corporate borrower. BNYM is entitled to summary judgment in its
favor.

### C.   BNYM is entitled to summary judgment on its counterclaim for an order of foreclosure.

39.     In Texas, a claim for judicial foreclosure requires that a plaintiff to show only
that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower
is in default; and (4) the borrower has been properly served with notice of default. *Huston v. U.S.
Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir.

2014).  The summary judgment evidence, including Plaintiff's many admissions, conclusively establishes each of the necessary elements of BNYM's foreclosure claim.

### 1.  A debt exists.

40.     The plaintiff must show the following in order to prove existence of a valid and enforceable contract between the parties: (1) offer; (2) acceptance; (3) mutual assent; (4) execution and delivery of the contract with the intent that it be mutual and binding; and (5) consideration supporting the contract. *Texas Gas & Utils. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970).

41.     The debt is evidenced by the Note signed by Lawrence P. Pitts, as the President of Castle Mortgage Corporation. (*See* App. at 9-11.) The Note is a written contract between the signatories and evidences the parties' mutual assent. (*See id*.) Further, the signature by Lawrence P. Pitts shows that the Note was in fact executed by him at closing. (*See id*.) BNYM, through its predecessor, performed under the terms of the Note by lending the referenced $152,800.00. (*See id.*) No genuine issue exists as to whether the Note accurately evidences the debt owed and that debt is owed by Plaintiff.

### 2.  The debt is secured by a lien created under Texas law.

42.     The lien securing the debt is evidenced by the Deed of Trust executed by Lawrence P. Pitts, as President for Castle Mortgage Corporation, granting Home Savings of America, FSB, and its successors and assigns, a lien on the Property. (*See* App. at 13-22.) The Deed of Trust was recorded in the Official Public Records of Dallas County, Texas as Instrument No. 201100295068. (*See id*.) No genuine issue of material facts exists as to whether the debt at issue is secured by the Deed of Trust.

### 3. A default has occurred under the terms of the Loan Agreement.

43.     The Loan Agreement is due and owing for the September 15, 2010, payment, and all subsequent payments. (App. at 6, 30-32.) The Note provides that if the full amount of each monthly payment is not paid when due, the Note will be in default. (*See* App. at 9-11.) There has been default under the terms of the Note by the failure to make the September 15, 2010, payment, and all subsequent payments. (*See* App. at 30.) Plaintiff has not cured the default and debt is due and owing. (App. at 6.) This constituted default under the terms of the Loan Agreement. (*See* App. at 9-11.)

### 4. BNYM has complied with the notice requirements to foreclose.

44.     As set forth above, BNYM provided proper notice to foreclose. (*See* Discussion, *supra*, at §VI.A.)

### 5. BNYM, as the owner or holder of the Note and beneficiary of the Deed of Trust, is entitled to proceed with foreclosure.

45.     BNYM is entitled to proceed with foreclosure as a "mortgagee," as that term is defined under Chapter 51 of the Texas Property Code.[2] TEX. PROP. CODE § 51.0025. The Property Code specifically gives a mortgagee and its mortgage servicer the authority to exercise the power of sale through its authority to appoint a substitute trustee under Texas Property Code section 51.0075. To qualify as a mortgagee, one must, among other qualifications, either be the grantee, beneficiary, owner, or holder of a security instrument, or they may also be the last person to whom the security interest was assigned of public record. *See* TEX. PROP. CODE § 51.0001(4).

---

[2] *See* TEX. PROP. CODE § 51.0001(4) ("Mortgagee means: (A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.")

46.     BNYM qualifies as a mortgagee as the owner of the Deed of Trust and as the last person to whom the security interest was assigned of public record. The Loan Agreement was initially granted, sold, assigned, transferred, and conveyed by Washington Mutual Bank, FA, successor by merger to Home Savings of America, FSB, to The Bank of New York Mellon Trust Company, National Association, as Trustee, fka The Bank of New York Company, N.A., as Trustee, as successor to JP Morgan Chase Bank N.A., as Trustee RAMP 2005RP2. (App. at 4, 24-25.) This assignment is reflected in that certain Assignment of Deed of Trust dated November 23, 2004 and recorded in the real property records of Dallas County, Texas under Document Number 201100295068. (App. at 24-25.)

47.     The Loan Agreement was subsequently assigned from The Bank of New York Mellon Trust Company, National Association, as Trustee, fka The Bank of New York Company, N.A., as Trustee, to Defendant BNYM. (App. at 4-5, 27-28.) A Corporate Assignment of Deed of Trust executed on May 18, 2014 was recorded in the real property records of Dallas County, Texas under Document Number 201500134844. (App. at 27-28.)

48.     There is no genuine issue of material fact as to whether BNYM is the proper party to administer the foreclosure process under the terms of the Loan Agreement and Texas law as a result of Plaintiff's default and failure to cure. BNYM is entitled to an order for judicial foreclosure.

**6.  BNYM is entitled to its attorney fees.**

49.     BNYM is entitled to its attorney fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001 and pursuant to the terms of the Note and Deed of Trust. (App. at 17, ¶9.) BNYM is entitled to an award of its

attorney fees as an obligation of the Loan Agreement in an amount to be determined by subsequent motion practice.

**WHEREFORE, PREMISES CONSIDERED,** BNYM prays the Court grant its Motion and enter judgment that: Plaintiff take nothing on its claims; BNYM have and recover judgment against Plaintiff allowing it to proceed with foreclosure in accordance with the Deed of Trust and Texas Property Code section 51.002 or judicial foreclosure under Texas Rule of Civil Procedure 309; and BNYM recover its interest, attorney fees and all costs of suit. BNYM further requests such other and further relief to which it may be entitled.

Respectfully submitted,

By: _/s/ Mark D. Cronenwett_
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT/
COUNTER-PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on July 21, 2022, a true and correct copy of the foregoing document was delivered via ECF notification to the counsel of record listed below:

Thomas C. Barron
tbarron@barronlawfirm.com
Law Offices of Thomas C. Barron
P.O. Box 141323
Dallas, Texas 75214

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**