IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CASTLE MORTGAGE COMPANY, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> V. <br><br> THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, fka The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, N.A. as Trustee for Residential Asset Mortgage Products Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RP2 c/o PHH Mortgage Corporation, <br><br> Defendant/Counter-Plaintiff. | No. 3:21-cv-3172-M-BN |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M. G. Lynn. *See* Dkt. No. 7.

Defendant The Bank of New York Mellon Trust Company, National Association, formerly known as The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, N.A. as Trustee for Residential Asset Mortgage Products Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RP2 ("BNYM") filed a response [Dkt. No. 26] objecting to the Findings, Conclusions, and

-1-

Recommendation dated October 21, 2022 ("FCR") [Dkt. No. 25]. Judge Lynn construed the response as a motion for reconsideration and referred the motion to the undersigned for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 27. Plaintiff Castle Mortgage Company ("Castle") did not file a response, and the time to do so has passed.

The Court GRANTS BNYM's motion for reconsideration and WITHDRAWS the FCR. And the undersigned now issues these amended findings of fact, conclusions of law, and recommendation that the Court should grant BNYM's motion for summary judgment [Dkt. No. 16].

**Background**

This case concerns the loan servicing and attempted foreclosure of a property in Garland, Texas ("the Property"). Castle purchased the Property on September 26, 1994, financed by an adjustable interest rate promissory note ("the Note") [Dkt. No. 23, Ex. A-2] and secured by a Deed of Trust [Dkt. No. 23, Ex. A-3]. The Deed of Trust gave Home Savings of America, FSB, a security interest in the Property. The Note and Deed of Trust (collectively the "Loan Agreement") were assigned to BNYM on May 18, 2015. *See* Dkt. No. 23, Ex. A-4. BNYM is "the last person to whom the security interest has been assigned" and therefore the mortgagee of the debt. TEX. PROP. CODE § 51.0001(4).

Castle conveyed the Property to Platinum Funding Solutions, LLC ("Platinum") by warranty deed. *See* Dkt. No. 17, Ex. B. Platinum later conveyed the Property to Lawrence Pitts by quitclaim deed. *See* Dkt. No. 18, Ex. C. Pitts signed the

-2-

Note, Deed of Trust, and warranty deed as president of Castle Mortgage and signed the quitclaim deed as director of Platinum. *See* Dkt. No. 18, Exs. B-C.

Castle did not make its September 15, 2010 payment, nor any subsequent payments. *See* Dkt. No. 23, Ex. A-8. On August 6, 2021, BNYM's counsel sent Castle a Notice of Default and Intent to Accelerate via certified mail. *See* Dkt. No. 23, Ex. A-5. On September 22, 2021, BNYM's counsel sent a Notice of Acceleration of Loan Maturity to Castle, Platinum, and Pitts individually. *See* Dkt. No. 23, Ex. A-6. On November 15, 2021, BNYM's counsel sent a Notice of Reposting and Sale and Notice of Foreclosure Sale to Castle, Platinum, and Pitts individually, setting the foreclosure sale for December 7, 2021. *See* Dkt. No. 23, Ex. A-7.

On December 6, 2021, Castle filed this action in state court, alleging a breach of contract and requesting a temporary restraining order to prevent BNYM from carrying out the foreclosure sale. *See* Dkt. No. 1, Ex. B-1. The request for a temporary restraining order was denied the same day. *See* Dkt. No. 1, Ex. B-2. Pitts then filed for bankruptcy under Chapter 13, prompting BNYM to stay foreclosure proceedings. *See* E.D. Tex. Bankruptcy Case No. 21-41749 Dkt. No. 1.

BNYM timely removed the case to this Court on December 20, 2021, and then removed this case to the Eastern District of Texas Bankruptcy Court the next day. *See* Dkt. No. 4. There, BNYM filed a counterclaim, seeking a judgment of non-judicial foreclosure under the terms of the Deed of Trust and Texas Property Code § 51.002 or judicial foreclosure under Texas Rule of Civil Procedure 309. *See* E.D. Tex. Bankruptcy Case No. 21-4139 Dkt. No. 4. The Eastern District of Texas Bankruptcy

Court transferred the case back to the Northern District of Texas on April 8, 2022. *See* E.D. Tex. Bankruptcy Case No. 21-4139 Dkt. No. 11.

BNYM then filed this motion for summary judgment on all of Castle's claims, as well as on its own counterclaim. *See* Dkt. No. 16.

### Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the

-4-

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*,

140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an

opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in

any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

Castle has not responded to BNYM's motion for summary judgment. Castle's failure to respond does not permit the Court to enter a "default" summary judgment.

-8-

But the Court is permitted to accept BNYM's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). And Castle's failure to respond means that it has not designated specific facts showing that there is a genuine issue for trial on any of its claims. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Here, the pleadings are not verified, and, therefore, Castle has presented no summary judgment evidence, and, for that reason, too, the Court is allowed to accept BNYM's facts as undisputed. *See Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012).

## Analysis

### I. BNYM has shown that there is no genuine issue of material fact regarding Castle's breach of contract claim.

The Court should grant summary judgment on Castle's breach of contract claim. Under Texas law, to succeed on a breach of contract claim, the plaintiff must show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *See Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

BNYM seems to imply that Castle does not have standing to contest this foreclosure sale because it deeded away the Property. *See* Dkt. No. 17 at 14 n.1. This

is not the case. A mortgagor "has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988).

Castle has not responded and therefore has not met its burden of setting forth "specific facts showing a genuine issue for trial." *Lynch Props.*, 140 F.3d at 625. But BNYM still must show "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Castle alleges in its petition that BNYM failed to fulfill its requirements under the terms of the loan documents themselves; Texas Property Code § 51.002; and Housing and Urban Development regulations 24 C.F.R. §§ 203.501, 203.604(b), and 203.605 (which Plaintiff apparently refers to as simply 605). The undersigned will take up each of these in turn.

### A. The Loan Agreement

The Deed of Trust requires that the trustee, on invoking the power of sale, give the borrower notice 21 days before the date of sale by mailing written notice of the proposed sale by certified mail to each debtor that is obligated to pay the debt. *See* Dkt. No. 23, Ex. A-2 at ¶ 22.

Castle alleges that it received no notice of default and an improper notice of acceleration. But the Deed of Trust requires no such notice. Castle's contention here does not create a genuine issue of material fact as to whether BNYM breached the Loan Agreement as to the requirements of the Deed of Trust.

### B. Texas Property Code

Texas Property Code § 51.002 requires that a mortgage servicer serve a debtor in default under a deed of trust with written notice of default by certified mail and give the debtor at least 20 days to cure the default before the servicer can give a notice of sale. *See* TEX. PROP. CODE § 51.002(d). That notice of sale must then be served by certified mail on each debtor that is obligated to pay the debt at least 21 days before the foreclosure sale date. *See* TEX. PROP. CODE § 51.002(b). Service of these notices is complete when the notice is addressed to the debtor's last known address and deposited in the United States mail with postage prepaid. *See* TEX. PROP. CODE § 51.002(e).

Castle alleges that it received no notice of default and an improper notice of acceleration.

BNYM's summary judgment evidence shows the following: On August 6, 2021, BNYM's counsel sent Castle a Notice of Default and Intent to Accelerate via certified mail, which gave thirty days to cure the debt. *See* Dkt. No. 23, Ex. A-5. On November 15, 2021, 101 days later, BNYM's counsel sent a Notice of Reposting and Sale and Notice of Foreclosure Sale to Castle via certified mail, setting the foreclosure sale for December 7, 2021, 22 days later. *See* Dkt. No. 23, Ex. A-7.

BNYM complied with Section 51.002's requirements before a foreclosure sale. Castle's contention here does not create a genuine issue of material fact as to whether BNYM breached the Loan Agreement as to the requirements of Section 51.002.

### C. HUD Regulations

24 C.F.R. § 203.501 requires that the mortgagee mitigate losses to HUD and provides loss-mitigation options to consider. 24 C.F.R. § 203.604(b) requires a face-to-face meeting between mortgagee and mortgagor before three monthly installments due on the mortgage are unpaid. 24 C.F.R. § 203.605 explains the loss mitigation performance tier ranking system.

Castle claims that BNYM failed to inform it of any assistance options before accelerating the Note, which Castle claims was required by 24 C.F.R. §§ 203.501, 203.604(b), and 203.605. *See* Dkt. No. 1, Ex. B-1. These provisions set forth no such requirement. A mortgagee would only be required to give information about assistance options under subpart (e) of 24 C.F.R. § 203.604 if the mortgage is insured under Section 248 of the National Housing Act, which Castle does not allege.

And the Fifth Circuit has held that "HUD regulations do not give the borrower a private cause of action unless … expressly incorporated into the lender-borrower agreement." *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 196 (5th Cir. 2016). There is no evidence that any HUD regulations were expressly incorporated into the Loan Agreement. *See* Dkt. No. 23, Ex. A-1 & A-2.

Castle's contention here does not create a genuine issue of material fact as to whether BNYM breached the Loan Agreement as to the HUD Regulations. And the Court therefore need not address BNYM's alternative arguments.

Because there is no genuine issue of material fact as to whether BNYM breached the Loan Agreement, the Court should grant BNYM's motion for summary judgment as to the breach of contract claim.

And, to the extent that Castle seeks injunctive relief based on their claims, injunctive relief depends on an underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445 at *4 (N.D. Tex. July 12, 2010). Because Castle's claim cannot withstand summary judgment, Castle's request for injunctive relief cannot survive.

## II.  BNYM has shown beyond peradventure all elements of its counterclaim for judicial foreclosure.

The Court should grant BNYM's motion for summary judgment on its counterclaim for judicial foreclosure.

Courts have set out several standards for judicial foreclosure. *See Tafacory v. Deutsche Bank Nat'l Tr. Co.*, No. 419CV00886SDJCAN, 2020 WL 7658070 at *11 (E.D. Tex. Nov. 6, 2020) (listing different ways in which courts have framed the elements for judicial foreclosure). Two of these standards come from the Fifth Circuit: the standard used in *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014); and the standard used in *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282 (5th Cir. 2017). Standards from district courts are generally like one or the other. The *Huston* standard requires the movant to demonstrate that "(1) a debt exists; (2) the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default

-13-

under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Huston*, 988 F. Supp. 2d at 740. The *Maldonado* standard requires the movant to prove "(1) 'a financial obligation'; (2) a 'lien securing it'; (3) 'a default on the loan'; and (4) 'the property subject to the foreclosure is the same property subject to the lien.'" *Tafacory*, 2020 WL 7658070 at *11 (quoting *Maldonado*, 676 F. App'x at 284).

One difference between these two standards is the *Huston* standard's focus on Article 16, § 50(a) of the Texas Constitution. This provision protects homesteads from forced sale for the payment of debts unless the homestead is subject to a lien that satisfies the requirements of the provision. *See* TEX. CONST. art. XVI, § 50(a). The *Huston* standard assumes that the property to be foreclosed on is a homestead and requires that the lien at issue comply with Article 16, § 50(a)(6). The burden of showing that the property is a homestead lies with the plaintiff. *See In re Brei*, 599 B.R. 880, 891-92 (Bankr. N.D. Tex. 2019).

Castle has not designated any facts to show that the property is a homestead. Thus, the Property is not entitled to the protection given by Article 16, § 50(a). The requirement that the lien comply with that provision is therefore not applicable to this case. The *Maldonado* standard, which does not assume that the property to be foreclosed on is a homestead, is the more appropriate standard for this case.

When analyzed under the *Maldonado* standard, the summary judgment evidence shows that BNYM has met the essential elements for judicial foreclosure. There is a financial obligation, which is shown by the Note. *See* Dkt. No. 23, Ex. A-1.

That obligation is secured by a lien, which is shown by the Deed of Trust. *See* Dkt. No. 23, Ex. A-2. Castle is in default under the Loan Agreement, as it did not make its September 15, 2010 payment, nor any subsequent payments. *See* Dkt. No. 23, Ex. A-8. The property subject to foreclosure is described in BNYM's brief in support of motion for summary judgment [Dkt. No. 17] as:

> LOT 11, BLOCK 1, OF COUNTRY CLUB PARK ESTATES, NO. 2, AN ADDITION TO THE CITY OF GARLAND DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 77131, PAGE 22, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS

And that is identical to the description in the Deed of Trust [Dkt. No. 23, Ex. A-2].

BNYM has shown "beyond peradventure *all* of the essential elements of the claim … to warrant judgment in [its] favor." *Fontenot*, 780 F.2d at 1194.

The Court should grant BNYM's motion for summary judgment on its counterclaim for judicial foreclosure.

### III. Attorneys' Fees

BNYM seeks attorneys' fees under Texas Civil Practice & Remedies Code § 38.001 and under the Deed of Trust "in an amount to be determined by subsequent motion practice." Dkt. No. 17 at 20. "Under Texas law, a party is permitted to recover attorney's fees only if they are authorized by contract or by statute." *Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16, 35 (5th Cir. 1992).

Section 38.001 permits reasonable attorneys' fees if the claim is for an oral or written contract. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(8). The Deed of Trust provides that "Borrower on demand shall pay all costs and expenses of Beneficiary

and Trustee … in any such action or proceeding in which Beneficiary or Trustee may appear by virtue of being made a party defendant or otherwise … including, but not limited to … any suit brought by Beneficiary to foreclose this Deed of Trust." *See* Dkt. No. 23, Ex. A-2 ¶ 9.

BNYM has not provided any documentation to support its request for attorneys' fees, so the undersigned cannot determine what amount of fees would be reasonable.

The undersigned recommends that the Court consider the issue of attorneys' fees post-judgment under Federal Rule of Civil Procedure 54(d)(2). *See U.S. Bank Nat'l Ass'n for Residential Asset Sec. Corp., Home Equity Mortg. Asset-Backed Pass-Through Certificates, Series 2007-KS2 v. McCormick*, No. 3:17-cv-1704-L, 2018 WL 1210555 at *3 (N.D. Tex. Mar. 8, 2018).

**Recommendation**

The Court should grant Defendant's motion for summary judgment.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

-16-

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 12, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE